# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EVERSTONE PTY., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>DAVEMAX ASIA PACIFIC LTD.; DAVEMAX USA, INC.; LUMAX INTERNATIONAL, INC.; WEI LU aka DAVID LU, an individual; DAVID LO, an individual, and Does 3-10,<br><br>    Defendants. | **CASE NO. CV12-04343 FMO (FFMx)**<br><br>[~~PROPOSED~~]<br>**PROTECTIVE ORDER**<br><br><br>**NOTE CHANGES MADE BY COURT** |

This Court, having read and considered the Stipulation for Protective Order submitted by Plaintiff Everstone Pty., Ltd. ("Plaintiff" or "Everstone"), and Defendants Davemax Asia Pacific Ltd. ("Davemax Asia"), Davemax USA, Inc. ("Davemax USA"), Lumax International, Inc. ("Lumax"), and Wei Lu aka David Lu aka David Lo ("David Lo") (collectively, "Defendants"), by their attorneys (collectively, the "Parties"), and finding good cause therefor, orders that:

    1.    This Protective Order shall govern the production, use and handling of confidential, proprietary and/or private documents and information produced by parties in this litigation in response to written discovery and in initial disclosures ("Confidential Material" or "Highly Confidential/Attorneys Eyes Only Material") (collectively, "Material"). All Material subject to this Protective Order shall be used

solely for the prosecution, defense or settlement of this action and shall not be used by any other party, other than the party that produced it, in any other litigation, for business, competitive, or publicity purposes, or for any other purpose whatsoever.

2. Any party responding to discovery or otherwise ("Designating Party") may designate Confidential Material by placing a "Confidential" stamp on each page so designated, for each document or information that, in good faith, the party believes is confidential, proprietary and/or private. A Designating Party may designate Highly Confidential/Attorneys Eyes Only Material by placing a "Highly Confidential/ Attorneys Eyes Only" stamp on each page so designated, for each document or information that, in good faith, the party believes contains or consists of (1) the financial information of the Designating Party; or (2) information regarding the Designating Party's operations, development processes, business plans, confidential employee information, market research studies and results, and distribution channels and procedures. Any information or documents designated as Highly Confidential/ Attorneys Eyes Only Material must meet the criteria of Confidential Material and additionally must consist of closely guarded financial or business information, which if disclosed to an opposing Party would be highly detrimental to the Designating Party's competitive position in the marketplace. Information may be designated as "Highly Confidential/Attorneys Eyes Only" by the Designating Party only to the extent that such information has not been publicly disseminated by the Designating Party.

3. The Parties recognize that designation of discovery materials as Confidential Material or Highly Confidential/Attorneys Eyes Only Material may burden each of them in terms of discovery and trial preparation, and therefore that designation should only be used where required and must be made in good faith.

4. Documents and written discovery responses shall be designated as "Confidential" or "Highly Confidential/Attorneys Eyes Only" at the time of production. ~~In addition, if a party files or lodges papers with the Court that incorporate such Material, those unredacted papers, or the confidential portions~~

~~thereof, shall be treated as Confidential or Highly Confidential/Attorneys Eyes Only Material.~~ **(FFM)**

5. The inadvertent production of any confidential, private or proprietary material during the scope of this action, regardless of whether the material was designated Confidential or Highly Confidential/Attorneys Eyes Only at the time of disclosure, shall not be deemed a waiver of a party's claim to confidentiality and shall not constitute a waiver of a party's right to subsequently designate such material as Confidential or Highly Confidential/Attorneys Eyes Only.

6. Confidential Material and Highly Confidential/Attorneys Eyes Only Material shall not include, and this Protective Order shall not be construed to apply to, any information that: (a) is already public knowledge or otherwise in the public domain; (b) has become public knowledge or enters the public domain other than as a result of disclosure in violation of this Protective Order; or (c) has come or shall come into a receiving party's possession from sources other than the Designating Party.

7. Confidential Material shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except those listed in Paragraph 8 below, without the <u>advance written authorization</u> of the party that produced it.

8. Confidential Material may only be disclosed to the following:
   a. To the Court, subject to paragraph 11 below;
   b. The attorneys for the Parties, and their respective associates, partners, clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this litigation;
   c. Experts retained or consulted by any Party, or retained or consulted by such Party's counsel, as required to assist in the conduct of this litigation, provided that prior to disclosure, any such expert is provided with a copy of this Protective Order and acknowledges in writing that he or she agrees to be bound by these terms, pursuant to Exhibit A hereto;

    d.    The Parties, to the extent that such disclosure is necessary for the prosecution, defense or settlement of this litigation;

    e.    Clerical or ministerial service providers, including outside copying services and court reporters, retained by counsel to a Party, to assist such counsel in connection with this litigation; and

    f.    Authors, addressees or recipients of the Confidential Material; and

    g.    Any person of whom testimony is taken in this action, provided that prior to disclosure, any such person who does not also fall into another subcategory of this paragraph is provided with a copy of this Protective Order and acknowledges in writing, pursuant to Exhibit A hereto, that he or she agrees to be bound by these terms.

9.    Highly Confidential/Attorneys Eyes Only Material shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except those listed in Paragraph 10 below, without the <u>advance written authorization</u> of the party that produced it.

10.    Highly Confidential/Attorneys Eyes Only Material may only be disclosed to the following:

    a.    Outside counsel for the Parties, and any support staff employed or retained by outside counsel who are assisting outside counsel in this action;

    b.    The Court, subject to Paragraph 11 below;

    c.    Any non-Party (i.e., outside) expert or consultant retained by counsel or a Party to assist in the preparation of this case, or to testify at the hearing or any other proceedings in this action who is provided with a copy of this Protective Order and acknowledges in writing, pursuant to Exhibit A hereto, that he or she agrees to be bound by these terms.;

    d.    Any person who originally authored the document or previously received the information or that document in the ordinary course of

business but is not presently in possession of that document;

e. Court reporters and other persons involved in recording deposition testimony in this action by any means; and

f. Such other persons as are designated by written agreement by the Designating Party or by Order of the Court.

11. Prior to lodging or filing with the Court any Material, the party who wishes to lodge or file such Material shall give <u>written notice</u> to the party who designated the Material. With respect to motion papers, the party who designated the Material shall have five (5) business days from the receipt of such written notice to apply to the Court for an order sealing the Material. With respect to opposition or reply papers, the party who designated the Material shall have three (3) business days from the receipt of such written notice to apply to the Court for an order sealing the Material. The Material may not be lodged or filed with the Court by the non-designating party prior to the expiration of the notice period or until the Designating Party has applied to the Court to have the Material sealed, whichever comes first, unless the non-designating party chooses to file an application to have the Material sealed for purposes of including the Material with an accompanying filing. However, once the application to have the Material sealed is filed, and pending a resolution of the application, the Material may not be lodged or filed with the Court unless it is placed in a separate sealed envelope or sealed container with the designation "CONDITIONALLY UNDER SEAL." Any party who stipulates to, fails to oppose, or files a motion to seal does not waive its right to later object to or challenge any designation of Material as Confidential or Highly Confidential/Attorneys Eyes Only.

12. Any party to this stipulation has the right to challenge a designation of information as "Confidential" or "Highly Confidential/Attorneys Eyes Only" pursuant to this Protective Order. A party shall not be obligated to challenge the propriety of a designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(a) Any Party may in good faith object to the designation of any material as

"Confidential" or "Highly Confidential/Attorneys Eyes Only" by providing written notice of such objections to the Designating Party. The grounds for objection shall be stated with reasonable particularity.

(b) The Parties shall thereafter make a reasonable and good faith attempt to resolve the issue informally. If the dispute cannot be resolved within fourteen (14) days, the Designating Party may, within fourteen (14) days thereafter, apply to the Court for a protective order limiting the use and dissemination of the challenged Material. The burden of proving that the challenged Material has been properly designated as "Confidential" or "Highly Confidential/Attorneys Eyes Only" is on the Designating Party. The challenged Material shall be treated as confidential until such time as the Court has ruled on the motion for a protective order.

13. Within thirty (30) days of the conclusion of all proceedings, each party shall return all Material to the party on whose behalf such Material was produced, provided, however, that each Party's outside counsel may retain a copy of such material for its records if it deems such retention necessary. With permission in writing from the Designating Party, a receiving party may destroy some or all of the Material and provide a certification of such destruction to the Designating Party, instead of returning it.

14. This Protective Order shall continue to be binding throughout this litigation and after its conclusion. The final award in this action shall not relieve any person to whom Material has been disclosed from the obligation of maintaining the confidentiality of such information as set forth herein. However, this Protective Order shall in no way govern the use of Material at trial ("trial," as used in this paragraph, does not include matters such as pre-trial motions and motions in limine). Any concerns regarding confidential information and procedures to be used at trial with respect thereto should be raised by the concerned parties at or prior to the Final Pretrial Conference to be addressed by the Court.

15. All disputes concerning matters falling within the scope of or relating to

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

cv12-4343 prot order.docx

1  the interpretation of this Protective Order shall be submitted for ruling to the Court.
2  ~~At any hearing on such submitted matter, all persons not specifically contemplated by~~
3  ~~Paragraphs 8 and 10 shall be excluded from the hearing.~~  **(FFM)**

4  By entering into the Stipulation for Protective Order, the Parties do not waive
5  any right(s) to assert the attorney client privilege, work product doctrine, financial
6  privacy or any other objection that could be raised in response to any party's
7  discovery requests.  Further, nothing in this Protective Order shall limit any Party's
8  right or ability to seek an amendment or adjustment of this Protective Order from the
9  Court.

10  **16.    If a party to whom "Confidential Material" and/or "Highly**
11  **Confidential/Attorney's Eyes Only" material has been produced is subpoenaed**
12  **or ordered by another court or administrative agency to produce information**
13  **that is subject to this protective order, such party shall notify promptly the party**
14  **who produced the material of the pending subpoena or order.  It is the producing**
15  **party's responsibility to take whatever action it deems appropriate to challenge**
16  **the subpoena or order in the issuing court or agency.  The party subject to the**
17  **subpoena or order shall not produce any "Confidential Material" or "Highly**
18  **Confidential/Attorney's Eyes Only" materials in advance of the date required by**
19  **the subpoena or order.  Nothing herein shall be construed as relieving anyone**
20  **subject to this order from any obligation to comply with a validly issued**
21  **subpoena or order.  (FFM)**

22  **IT IS SO ORDERED.**

23

24  Dated: October 7, 2013                    /S/ FREDERICK F. MUMm
                                               FREDERICK F. MUMM
25                                             U. S. MAGISTRATE JUDGE