1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| EVERSTONE PTY., LTD., | **CASE NO. CV12-04343 FMO (FFMx)** |
|---|---|
| Plaintiff, | |
| v. | **JUDGMENT FOR STIPULATED PERMANENT INJUNCTION** |
| DAVEMAX ASIA PACIFIC LTD.; DAVEMAX USA, INC.; LUMAX INTERNATIONAL, INC.; WEI LU aka DAVID LU, an individual; DAVID LO, an individual, and Does 3-10, | F.R.C.P. 58(a) |
| Defendants. | |

Upon the stipulation of Plaintiff Everstone Pty., Ltd. ("Plaintiff") and Defendants Davemax Asia Pacific Ltd., Lumax International, Inc., and Wei Lu aka David Lu aka David Lo ("Defendants") (collectively, the "Parties"), and pursuant to a Settlement Agreement of the Parties,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows, and the Court makes the following Findings of Fact and Conclusions of Law:

1.   The Court has jurisdiction over the Parties, and the subject matter jurisdiction pursuant to 28 U.S.C. §§1338(a).

2. Plaintiff filed this action against Defendants and against Davemax USA, Inc. ("Davemax USA"), contending that Defendants and Davemax USA distributed and sold decorative tiles that infringed copyrighted tile designs owned by Plaintiff, namely:

- ■ "MAGIC," which was registered effective April 4, 2008 as U.S. Copyright Reg. No. VA 1-691-751, and which is pictured in Exhibit A hereto;
- ■ "MAGIC BORDER," which was registered effective April 4, 2008 as U.S. Copyright Reg. No. VA 1-691-765, and which is pictured in Exhibit B hereto; and
- ■ "CROSSOVER r2," which was registered effective December 8, 2008 as U.S. Copyright Registration No. VA 1-661-649, and which is pictured in Exhibit C hereto.

3. Defendants have consented to entry of this permanent injunction pursuant to which Defendants, their officers, agents, servants, employees, stockholders, and all persons in active concert or participation with them, SHALL BE ENJOINED, from and after the date of entry, from the following:

    i. making, or authorizing the making of, copies or other reproductions of any of Plaintiff's copyrighted tile designs (the "PCTDs"), including but not limited to the designs pictured in Exhibits A-C;

    ii. recasting, transforming, adapting, or otherwise producing works copied or derived from, or based upon, the PCTDs;

    iii. distributing copies of PCTDs to the public by way of sale; and

    iv. publicly displaying (via a publication, website, electronic or wireless transmission, or any other manner by which a work may be publicly displayed) a) copies of PCTDs, or b) any pictorial or graphic work that constitutes, depicts, embodies, recasts,

transforms, adapts, or otherwise is copied or derived from, or based upon, the PCTDs.

4. The U.S. District Court, Central District of California, shall retain jurisdiction to enforce this Permanent Injunction in the event of alleged violation thereof. Any proceeding to enforce this Permanent Injunction may be heard before the Honorable Fernando M. Olguin, the Honorable Magistrate Judge Frederick F. Mumm, or any other judicial officer of the U.S. District Court, Central District of California. As a precondition to enforcement, Plaintiff shall give 15 days' written notice and an opportunity to cure to the Defendant against whom the enforcement proceeding is to be brought. Such notice shall comply with the notice and cure provisions in the Stipulation for Entry of Judgment for Permanent Injunction, signed by the Parties.

5. Defendants have consented to the entry of this Permanent Injunction and waive any right of appeal. Each party shall bear its own costs of suit and attorneys' fees. All parties not governed by this Permanent Injunction shall be dismissed with prejudice, each party to bear its own costs of suit and attorneys' fees.

DATED: December 30, 2013           /s/   Fernando M. Olguin           .
                                   UNITED STATES DISTRICT COURT JUDGE